**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DAVID H. CHASTAIN, ELIZABETH CHASTAIN JOHNSON, JOSEPH DOCK CHASTAIN, AND JERRY L. CHASTAIN, JR,** | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| **SMYRNA READY MIX CONCRETE, LLC, and JEREMY JONES,** | ) | |
| **Defendants.** | ) | |

**NOTICE OF REMOVAL**

Defendant Smyrna Ready Mix Concrete, LLC ("Smyrna"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice that the case captioned *David H. Chastain, Elizabeth Chastain Johnson, Joseph Dock Chastain, and Jerry L. Chastain, Jr. v. Smyrna Ready Mix Concrete, LLC and Jeremy Jones* is hereby removed from the Circuit Court of Mobile County, Alabama, where it is pending as Case No. 02-CV-2025-901672, to the United States District Court for the Southern District of Alabama, Southern Division. As addressed in more detail below, Plaintiffs David H. Chastain, Elizabeth Chastain Johnson, Joseph Dock Chastain, and Jerry L. Chastain, Jr. ("Plaintiffs") have fraudulently joined Defendant Jeremy Jones ("Jones"), the only resident defendant, in an attempt to evade this Court's jurisdiction. Diversity of citizenship jurisdiction exists here because the citizenship of fraudulently joined defendants is disregarded when determining jurisdiction, the only properly joined defendant is a Tennessee citizen, and Plaintiffs are Oregon and Alabama citizens. As further grounds for removal, Smyrna states as follows:

## INTRODUCTION

1. On or about June 27, 2025, Plaintiffs filed their Verified Complaint, Application for Temporary Restraining Order, and Motion for Preliminary Injunction in the Circuit Court of Mobile County, Alabama, in the civil action styled *David H. Chastain, Elizabeth Chastain Johnson, Joseph Dock Chastain, and Jerry L. Chastain, Jr. v. Smyrna Ready Mix Concrete, LLC and Jeremy Jones*, Case No. 02-CV-2025-901672 (the "Complaint"). True and correct copies of all process, pleadings, and orders are attached hereto as **Exhibit A**.

2. This lawsuit arises from landowers' claim for rent and royalties under two lease agreements (the "Leases") for tracts of land located in Clarke County, Alabama, leased by a different entity, SRM Materials, LLC ("SRMM") to perform mining operations thereon (the "Property"). (Compl. ¶¶ 9-10, 12-15.) Plaintiffs allege that Smyrna failed to pay rent and royalties as required under the leases. (*Id.* at ¶¶ 14-16.) Smyrna is not a party to the Leases at issue here and has not engaged in mining operations on the Property.

## GROUNDS FOR REMOVAL

3. As explained in more detail below, this action is removable under 28 U.S.C. §§ 1332 and 1441 because there is complete diversity of citizenship between the properly joined parties, no properly joined party is an Alabama citizen, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. This Notice of Removal is being filed within 30 days of service of the initial pleading setting forth the claim for relief and is therefore timely pursuant to 28 U.S.C. § 1446(b).

5. The United States District Court for the Southern District of Alabama, Southern Division, is the federal judicial district embracing the Circuit Court of Mobile County, Alabama, where this suit was filed. Thus, venue is proper under 28 U.S.C. §§ 81(a)(5) and 1441(a).

## I. DIVERSITY OF CITIZENSHIP

### A. Citizenship of Plaintiffs and Smyrna

6. According to the Complaint, Plaintiff David H. Chastain is an adult resident of Clarke County, Alabama, Plaintiff Elizabeth Chastain Johnson is an adult resident of Baldwin County, Alabama, Plaintiff Joseph Dock Chastain is an adult resident of Lane County, Oregon, and Plaintiff Jerry L. Chastain, Jr. is an adult resident of Clarke County, Alabama. (Compl. ¶¶ 1-4.) Thus, Plaintiffs David H. Chastain, Elizabeth Chastain Johnson, and Jerry L. Chastain, Jr. are all citizens of Alabama and Plaintiff Joseph Dock Chastain is a citizen of Oregon for diversity of citizenship jurisdiction purposes.

7. Smyrna is a Tennessee limited liability company doing business in Clarke County, Alabama, and is a wholly owned subsidiary of Hollingshead Holding Company, LLC, a Tennessee limited liability company. The members of Hollingshead Holding Company, LLC are Michael Hollingshead, Melissa Hollingshead, Jeff Hollingshead, and Ryan Hollingshead, all of whom are domiciled in Tennessee. Because limited liability companies are citizens of every state in which their members are citizens for diversity of citizenship purposes and Smyrna is a wholly owned subsidiary of Hollingshead Holding Company, LLC, another limited liability company, Smyrna is a citizen of every state in which the members of Hollingshead Holding Company, LLC are citizens. *ECB USA, Inc. v. Chubb Ins. Co. of N.J.*, 113 F.4th 1312, 1318-19 (11th Cir. 2024) (holding limited liability companies' citizenship is determined by members' citizenship). Because Hollingshead Holding Company, LLC's members are all domiciled in, and therefore citizens of, Tennessee, Smyrna is a citizen of Tennessee for diversity of citizenship purposes.

8. Accordingly, there is complete diversity of citizenship between Plaintiffs and Smyrna.

**B. Defendant Jeremy Jones Has Been Fraudulent Joined**

9. Upon information and belief, Jones is a citizen of Alabama. (Compl. ¶ 6.) Though he may facially appear to be a non-diverse defendant, his citizenship can be disregarded for purposes of diversity of citizenship jurisdiction because he was fraudulently joined.

10. "Fraudulent joiner is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

11. When a plaintiff joins non-diverse defendants "solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (quoting *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)); *Triggs*, 154 F.3d at 1287; *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996). Indeed, it is well-settled that "the Federal courts should not sanction devices intended to prevent a removal to a Federal Court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907).

12. "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *N. Jackson Pharmacy, Inc. v. McKesson Corp.*, 2015 WL 5011346, at *2 (N.D. Ala. Aug. 24, 2015). The "proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Rule 56(b)." *Id.* Although the district court must "resolve all questions of fact . .

. in favor of the plaintiff . . . there must be some question of fact before the district court can resolve that fact in the plaintiff's favor." *Id.* (citing *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005)).

13. Courts in the Eleventh Circuit recognize four types of fraudulent joinder: "(1) when there is no possibility that a plaintiff can prove its claims against a non-diverse defendant; (2) when there is outright fraud in the pleading of jurisdictional facts; [] (3) when a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant," and (4) where the "plaintiff's collective litigation actions, viewed objectively, clearly demonstrate a lack of good faith intention to pursue a claim for judgment against the non-diverse judgment." *Highlands at Hunter's Green Condo. Ass'n, Inc. v. Am. Coastal Ins. Co.*, 2016 WL 4473474, at *1 (M.D. Fla. Aug. 22, 2016) (citation omitted); *In re Abilify (Aripiprazole) Prods. Liab. Litig.*, 2018 WL 6258903, at *6 (N.D. Fla. Nov. 8, 2018) (internal quotation marks omitted) (quoting *Faulk v. Husqvarna Outdoor Prod. N.A., Inc.*, 849 F. Supp. 2d 1327, 1330-31 (M.D. Ala. 2012)); *see also Triggs*, 154 F.3d at 1287; *Tapscott*, 77 F.3d at 1360 n.17; *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

#### 1. Plaintiffs Are Unable to Establish Any Cause of Action against Jones

14. The first type of fraudulent joinder—inability to establish any cause of action against the resident defendant on the law or facts alleged—applies in this case. Federal courts must apply Alabama Rules of Civil Procedure pleading standards when reviewing a notice of removal asserting fraudulent joinder. *See Broadway v. State Farm Mut. Auto. Ins. Co.*, 4 F. Supp. 3d 1271, 1277 (M.D. Ala. 2014).

15. Plaintiffs' Complaint appears to assert claims for conversion, fraudulent suppression, trespass, and nuisance against Jones solely because of his alleged involvement "either

as a [Smyrna] manager and employee or outside the scope of his representative capacity as a [Smyrna] employee." (Compl. ¶ 27.) As detailed below, Plaintiffs could never succeed on their claims against Jones because they are based on speculation (and, in one instance, double speculation) and conclusory allegations, and insufficient details regarding the circumstances of alleged fraud. Put simply, Plaintiffs are unable to plead or amend the Complaint in a way sufficient to satisfy the requirements of Alabama Rules of Civil Procedure 8 or 9(b) and their identical federal counterparts.

**a. Conversion (Count Three)**

16. In Count Three of the Complaint, Plaintiffs allege that Smyrna and Jones are liable for conversion because Smyrna has continued its mining operations on the Property despite cancellation of the Leases.[1] (Compl. ¶¶ 47-48).

17. Regarding Jones, Plaintiffs allege that he "directed [Smyrna] and its employees to continue mining and selling gravel belonging to Plaintiffs without any legal right to do so." (*Id.* ¶ 49.) Furthermore, Plaintiffs claim that, "*[t]o the extent the proceeds from sand and/or gravel have been stolen by Jones*, he is liable for conversion *if acting outside the scope of his representative capacity as a* [*Smyrna*] *employee*." (*Id.* ¶ 50 (emphasis added).) Lastly, Plaintiffs allege Smyrna and/or Jones are liable for conversion by "mining and selling sand and gravel belonging to Plaintiffs without any legal right to do so and by stealing the proceeds from sales." (*Id.* ¶ 51.)

18. First, to the extent Smyrna employees were directed to do anything regarding the Property within the scope of their employment with Smyrna, Smyrna—not Jones—would be liable under the doctrine of *respondeat superior*. *See Madasu v. Shoals Radiology Assocs., P.C.*, 378

---

1 Again, Smyrna is not a party to the Leases at issue here and has not engaged in mining operations on the Property.

So. 3d 501, 505 (Ala. 2022). The only possible way Plaintiffs can allege any actionable conduct by Jones in Paragraph 49 by directing Smyrna and its employees is if Jones employed Smyrna or its employees, which is plainly inaccurate because Plaintiffs allege Jones is Smyrna's employee.

19. Paragraph 50 of the Complaint is doubly speculative. Plaintiffs allege that *if* Jones acted outside of his representative capacity as Smyrna's employee ***and*** *if* Jones stole any proceeds from sand and/or gravel sales, then he is liable for conversion. (Compl. ¶ 50.) Such conclusory allegations cloaked in two levels of speculation fall far short of that required under Ala. R. Civ. P. 8 or Fed. R. Civ. P. 8 because they do not even put Jones on notice of any potential conduct that subjects him liability for conversion.

20. Finally, Paragraph 51 of the Complaint builds upon the speculation laid out in the preceding allegations and merely accepts them as reality.

21. Plaintiffs' allegations for conversion against Jones share a common theme: they do not allege that Jones himself participated in conversion, which is essential for a conversion claim.

22. Thus, Plaintiffs are unable to establish Jones's liability for conversion.

**b. Fraudulent Suppression (Count Five)**

23. In Count Five, Plaintiffs claim Jones is liable for fraudulent suppression because he suppressed and failed to disclose the fact that Smyrna sold "sand and gravel at much higher prices." (Compl. ¶¶ 63-65.)

24. Again, Plaintiffs are unable to establish Jones's liability for fraudulent suppression.

25. Specifically, Plaintiffs' allegations fail to satisfy Ala. R. Civ. P. 9(b)'s heightened pleading standard which requires them to state "the circumstances constituting fraud" "with particularity." Ala. R. Civ. P. 9(b).

26. "The circumstances constituting fraud" include "the time, the place, and the contents or substance of the misrepresentations, the facts misrepresented, and an identification of what has been obtained." *Applin v. Consumers Life Ins. Co. of N.C.*, 623 So. 2d 1094, 1097 (Ala. 1993) (citations omitted).

27. Here, Plaintiffs do not—and cannot—allege with particularity the facts constituting Jones's fraudulent suppression of any facts. Specifically, Plaintiffs fail to allege in the Complaint's Factual Allegations section that Jones ever made any misrepresentations to them, so they clearly are unable to allege with any particularity the circumstances of any fraud by Jones such as the time, place, and contents of the alleged misrepresentations.

**c. Trespass (Count Six) and Nuisance (Count Seven)**

28. In Counts Six and Seven, Plaintiffs allege that Smyrna "continues to enter upon and be present on the Property, dig in the ground of the Property, operate trucks and heavy machinery upon the Property, and mine and sell gravel belonging to Plaintiffs without any legal right to do so."[2] (Compl. ¶¶ 70, 76.)

29. They also allege that Jones "[e]ither acting as a [Smyrna] manager and employee or acting outside the scope of his representative capacity as a [Smyrna] employee . . . has directed [Smyrna] and its employees to engage in the trespass alleged herein." (*Id.* ¶¶ 71, 77.)

30. Thus, Plaintiffs allege that Smyrna has physically entered onto the Property, but they have not alleged that Jones ever set foot on the Property.

31. Because a "trespass to property is a wrong against the right of possession or entry," an individual is only liable for trespass by entering onto the property. *Boyce v. Cassese*, 941 So.

---

2 As stated earlier, Smyrna has not engaged in mining operations on the Property.

2d 932, 945 (Ala. 2006). Similarly, nuisance requires some degree of intrusion onto land directly by the alleged tortfeasor. *See Borland v. Sanders Lead Co.*, 369 So. 2d 523, 529-30 (Ala. 1979).

32. Here, however, Plaintiffs are unable to allege that Jones entered or intruded upon the Property at any point. This is all the more evident based on Plaintiffs' allegations that Smyrna continues its mining operations on the Property. (*See* Compl. ¶¶ 70, 76.)

33. And as explained above, *respondeat superior* does not bind Jones to the acts of Smyrna's employees because Smyrna is the employer and Jones is merely an employee.

34. For the foregoing reasons, Plaintiffs are unable to establish Jones's liability for Counts Three, Five, Six, or Seven, demonstrating that their joinder of Jones was fraudulent and a flagrant effort to circumvent federal court jurisdiction.

## II. AMOUNT IN CONTROVERSY

35. The amount in controversy clearly exceeds $75,000.00, exclusive of interest and costs.

36. "If removal of a case is sought on the basis of jurisdiction conferred by Section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

37. Here, although the Complaint does not state a specific amount of damages that Plaintiffs are seeking, it is "facially apparent" from the Complaint that the amount far exceeds $75,000.00. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted).

38. Specifically, Plaintiff's damages claim is based upon Smyrna's alleged failure "to pay Plaintiffs rent and royalties in percentages 'of the actual sales price of all Materials sold and delivered by [Smyrna]' as required by the Leases." (Compl. ¶ 16.) Plaintiffs allege that both

Leases at issue "require [Smyrna] to pay the [Plaintiffs] royalty payments in amounts equal to 6% of the gross sales of materials mined and removed from the Property and sold during the normal course of [Smyrna's] operations." (*Id.* ¶ 15.)

39. Plaintiffs further allege that Smyrna "has confirmed in writing that, from January 2021 through April 2025, its gross revenue from sales of sand and gravel mined from the Property and transported by barge was more than $18 million. However, [Smyrna's] documentation shows that it paid Plaintiffs rent and royalties in percentages of merely $5,637,602.02." (*Id.* ¶ 17.)

40. Smyrna denies Plaintiffs' allegations of underpayment of rent and royalties. However, taking the allegations at face value as required by 28 U.S.C. § 1446(c)(2), the alleged underpayment of royalty (6% of the alleged underreported sales in the amount of $12,362,398) would equal $741,743.88, not including any punitive damages to which Plaintiffs believe they are entitled. *See Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in diversity cases, punitive damages must be considered.").

41. Accordingly, the amount in controversy requirement is met.

**III. THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

42. Because this Notice of Removal was filed within 30 days of service of the Complaint upon Smyrna, it is timely under 28 U.S.C. § 1446(b).

43. Smyrna has sought no similar relief with respect to this matter.

44. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

45. Written notice of the filing of the Notice of Removal will be given to the adverse party as required by law.

46. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the Circuit Clerk for the Circuit Court of Mobile County, Alabama.

47. The allegations in this Notice of Removal are true and correct and this cause is within the jurisdiction of the United States District Court for the Southern District of Alabama, Southern Division, and this cause is removable to the United States District Court for the Southern District of Alabama, Southern Division.

48. If any question arises as to the propriety of the removal of this action, Smyrna requests the opportunity to submit a brief and present oral argument in support of its position that this case was property removed. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

**CONCLUSION**

For the foregoing reasons, Smyrna respectfully gives notice that this action has been removed from the Circuit Court of Mobile County, Alabama to the United States District Court for the Southern District of Alabama, Southern Division, being the district and division for the county in which this action is pending, and requests that this action proceed as properly removed to this Court.

Date: July 3, 2025.

Respectfully submitted by,

*/s/ Jaime W. Betbeze*
J. Marshall Gardner
Jaime W. Betbeze
Thomas W.H. Buck, Jr.
*Attorneys for Defendant Smyrna Ready Mix Concrete, LLC*

OF COUNSEL:

MAYNARD NEXSEN PC
RSA Battle House Tower
11 North Water Street, Suite 24290
Mobile, Alabama 36602-5027
Telephone: (251) 432-0001
Facsimile: (251) 432-0007
jbetbeze@maynardnexsen.com
mgardner@maynardnexsen.com

MAYNARD NEXSEN PC
1901 Sixth Avenue North, Suite 1700
Birmingham, Alabama 35203
Telephone: (205) 254-1000
tbuck@maynardnexsen.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 3rd day of July, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will serve all counsel of record as follows:

Matthew R. Jackson
Blake T. Richardson
Adams and Reese LLP
11 N. Water Street, Suite 23200
Mobile, Alabama 36602
Telephone: (251) 433-3234
matt.jackson@arlaw.com
blake.richardson@arlaw.com
*Attorneys for Plaintiffs*

*/s/ Jaime W. Betbeze*_______________
Jaime W. Betbeze
OF COUNSEL