IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID H. CHASTAIN, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 25-0273-JB-MU |
| | ) | |
| SRM MATERIALS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

*  *  *

| | |
|---|---|
| SRM MATERIALS, LLC, *et al*., | ) |
| | ) |
| Counterclaim Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID H. CHASTAIN, *et al*., | ) |
| | ) |
| Counterclaim Defendants. | ) |

RULE 16(b) SCHEDULING ORDER

The Court considered the Fed. R. Civ. P. 26(f) report (Doc. 47), filed by the parties on February 17, 2026, heard from the parties at a scheduling conference on March 10, 2026, and enters the following scheduling order pursuant to Fed. R. Civ. P. 16(b):

1. FINAL PRETRIAL CONFERENCES. Chief United States District Judge Jeffrey U. Beaverstock will pretry this jury action on **April 20, 2027**, at **9:30 a.m.**, in **Mobile, Alabama**. These are firm settings, and the Court expects the parties to be ready for trial by the pretrial conference. **A COPY OF JUDGE BEAVERSTOCK'S STANDING ORDER GOVERNING HIS FINAL PRETRIAL CONFERENCES IS ATTACHED. NO**

**ADDITIONAL NOTICES REGARDING THE FINAL PRETRIAL CONFERENCE WILL BE NECESSARY.**

2. TRIAL. This action will come on for jury selection on **May 4, 2027, at 8:45 a.m.,** in Mobile, Alabama, and for trial during the month of **May 2027,** the specific dates to be set at the Final Pretrial Conference. The parties have estimated that this action will require approximately seven (7) days for trial.

3. DISCOVERY COMPLETION. The parties must complete all discovery on or before **November 30, 2026**. Requests for extension must include a showing that the parties have diligently pursued discovery and good cause exists for additional time.

For all actions, "completed" means that all interrogatories, requests for admissions, and requests for production have been served and responded to; physical inspections and testing have been concluded; physical and mental examinations have been concluded; experts' reports have been exchanged; all depositions, including experts' depositions, have been taken; and non-party subpoenas (for production of evidence or to permit inspection) have been served and responded to. **Any motions to compel must be filed in time for the Court to issue a ruling prior to the discovery deadline.**

4. INITIAL DISCLOSURES. The parties shall exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) by **March 13, 2026**.

5. AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES. The parties must file motions for leave to amend the pleadings or to join other parties by **June 30, 2026.**

6. EXPERT TESTIMONY. The expert reports as required by Rule 26(a)(2)(B) and any Rule 26(a)(2)(C) disclosures shall be produced by parties in support of their claim or

counterclaim on or before **September 30, 2026,** and by Defendant on or before **October 31, 2026.** Rebuttal evidence, authorized by Rule 26(a)(2)(D), shall be disclosed on or before **November 30, 2026.** The foregoing deadlines for expert disclosures may be extended by agreement of the parties without a court order; however, all expert discovery must be completed by the discovery completion deadline set forth above. An expert's deposition, if taken, must be noticed and completed within **thirty (30) days** of the date on which the expert's report is disclosed.

**Please Note: All challenges to expert witnesses, including *Daubert* motions, must be filed as soon as possible and no later than the dispositive motion deadline.**

7. SUPPLEMENTATION. The parties are to supplement disclosures and responses "at appropriate intervals" and "seasonably," as required by Rule 26(e), but not later than **October 30, 2026**.

8. PRETRIAL DISCLOSURES. The parties shall disclose the information required by Rule 26(a)(3) by **March 30, 2027**.

9. DISCOVERY LIMITS. Discovery is limited as following:

a. Each party may serve no more than **30** interrogatories, including all subparts, upon any other party. Responses are due within thirty (30) days of service.

b. Each party is limited to taking no more than **8** depositions, each deposition limited in duration to a maximum of **seven (7) hours**, unless extended by agreement of the parties.

c. Each party may serve no more than **30** requests for admissions, including all subparts, upon any other party. Responses are due within thirty (30) days of service.

d. Each party may serve no more than **45** requests for production of documents, including all subparts, upon any other party. Responses are due within thirty (30) days of service. **Subpoenas *duces tecum* to a party ordering such party to produce documents or things at trial shall not be used to circumvent the limitations placed on discovery.**

In applying these limits, all parties represented by the same counsel will be treated as a single party.

10. ELECTRONICALLY STORED INFORMATION ("ESI") and PROTECTIVE ORDER WITH CLAWBACK AGREEMENT. The parties have stated that discovery in this matter is expected to include ESI, but they do not anticipate the need for any special management related to the discovery of ESI and will seek the Court's intervention only in the event they are unable to agree upon such matters.

11. DISCOVERY MOTIONS. The following requirements pertain to discovery motions filed in this Court:

a. Conferencing by Counsel. The conferencing requirements set forth in the Federal Rules of Civil Procedure shall be strictly enforced and govern any motion by a party to obtain either court-facilitated discovery or protection from another party's attempts to obtain information through discovery, as well as any motion for extension of time on discovery related issues. This requirement applies to all discovery-related motions, including but not limited to, those referred to in Rules 26(c) (motion for a protective order); 34(b) (motion to compel production or inspection); 35(a) (motion for physical and mental examination); 36(a) (motion to determine sufficiency of admissions); 37(a) (motion to compel disclosure or discovery); 37(d) (failure to attend own deposition,

respond to interrogatories or requests for production); and 45(d) (protection of persons subject to subpoena). To comply with the conferencing requirement, counsel seeking court assistance with a discovery issue must adequately set forth in the motion facts sufficient to enable the Court to determine whether there has been good faith conferencing between the parties. Any such motion not containing the required certification will be stricken or denied.

b. Court's Pre-Motion Mediation. If any issues remain unresolved after counsel for the parties have engaged in the required in-person (or telephone) good-faith conferencing outlined above, the moving party shall contact the undersigned's law clerk to schedule an informal conference with the Magistrate Judge to discuss all outstanding issues prior to the filing of a formal motion. At the Magistrate Judge's discretion, the conference may be held by telephone or in person. The Magistrate Judge's duty at this conference will be initially to act as a mediator and assist the parties in resolving any outstanding issues, and if agreement cannot be reached, the Magistrate Judge may enter an order ruling on all outstanding issues without the need for the filing of a formal written motion.

c. Time of Filing; Form. A motion for protective order pursuant to Rule 26(c), a motion for physical and mental examination pursuant to Rule 35(a), a motion to determine sufficiency pursuant to Rule 36(a), and a motion to compel pursuant to Rule 37 shall be brought in time to allow sufficient time for the completion of discovery by the discovery deadline. Any such motion shall fully quote (1) each interrogatory, request for admission or request for production to which the motion is addressed, or otherwise identify specifically and succinctly the discovery to which objection is taken or from which a

protective order is sought, and (2) the response or the objection and grounds therefor, if any, as stated by the opposing party. Unless otherwise ordered by the Court, the complete transcripts or discovery papers are **not** to be filed with the Court unless the motion cannot be fairly decided without reference to the complete original.

d. Time for Responses. Any party opposing a discovery motion must file their response within fourteen (14) days after the filing of the motion. The response in opposition shall include citations of supporting authorities and any affidavits and other documents setting forth or evidencing facts on which the response is based.

e. Privilege or Protection of Trial Preparation Materials. The Court will strictly enforce the provisions of Rule 26(b)(5) in those rare situations in which privilege or work product protection is invoked. Rule 26(b)(5) information shall be disclosed in a "privilege log" served with the objections to production. The "privilege log" shall, at a minimum, contain the facts suggested in paragraph N (page 10) of the *Introduction to Civil Discovery Practice in the Southern District of Alabama*, Civil Practice Subcommittee (May 13, 2019) (www.alsd.uscourts.gov/news/updated-document).

12. DISPOSITIVE MOTIONS. The parties shall file any motions for summary judgment and any other dispositive motions, especially those that require little or no discovery, as soon as possible but in no event later than **January 31, 2027**. The Court will not delay the final pretrial conference or the trial in this action pending a ruling on such motions. In submitting exhibits, the parties are reminded of Civil Local Rule 5(a), which provides that only relevant portions of deposition transcripts or other discovery materials shall be filed in support of or in opposition to a motion. The Court may disregard evidentiary submissions that do not comport with these requirements.

13. SETTLEMENT/ADR. A substantial percentage of the civil actions filed in this Court eventually settle, so early settlement negotiations are strongly encouraged to preserve scarce judicial resources and litigation costs. *See* S.D. Ala. Civ. LR 16(d) (discussing alternative dispute resolution, with an emphasis on early neutral evaluation). If settlement negotiations prove unsuccessful, the parties may seek further assistance through the procedures set forth in this Court's Alternative Dispute Resolution Plan, which is available on the Court's website.[1] The parties have stated that settlement is possible but cannot be fully evaluated at this early stage of discovery. The Court **ORDERS** the parties to file a written assessment of the possibility of resolving the issues in this case through a recognized ADR procedure as soon as possible during the discovery process but no later than the ***close of discovery***. Rule 16(c)(2)(I).

Notwithstanding the above-referenced deadlines, the parties may contact the undersigned United States Magistrate Judge ***at any stage of the proceedings*** if they believe mediation or a settlement conference would be beneficial, and the undersigned will conduct a settlement conference or refer this case to a Court-approved neutral for mediation.

14. BRIEFS; LETTERS; COURTESY AND DUPLICATE COPIES; FAXING OF DOCUMENTS. Unless prior permission of the Court is given:

a. Principal briefs filed in support of, or in opposition to, any motion shall not exceed thirty (30) pages in length and a reply brief by movant shall not exceed fifteen (15)

[1] *See* United States District Court for the Southern District of Alabama Order Adopting Alternative Dispute Resolution Plan, dated Feb. 8, 1995, *available at:* http://www.alsd.uscourts.gov/documents/forms/ADRplan.pdf.

pages in length. Attachments to a brief do not count toward the page limitation. *See* S.D. Ala. Civ. LR 7(e).

b. An application to the Court for an order shall be by motion, not by letter. *See* Fed. R. Civ. P. 7(b). Any objection or response to a motion or to any other matter is to be done in a properly-styled brief, not by letter.

c. Except as otherwise provided herein, courtesy copies of pleadings, motions or other papers filed in the action are **not** to be provided to the Judge or the Judge's Chambers. A copy of a pleading, motion or other paper that has been previously filed in the action is not to be attached to a subsequently-filed pleading, motion or other paper; it may be adopted by reference. If a party's exhibits in support of or in opposition to a motion exceed 50 pages in the aggregate, then that party must deliver a courtesy hard copy of those exhibits to Chambers by mail or hand delivery.[2]

d. Papers transmitted to the Court by facsimile will not be accepted for filing. A copy of this Court's policy regarding the faxing of documents can be found on the Court's website, http://www.alsd.uscourts.gov.

15. <u>MODIFICATION OF RULE 16 ORDERS</u>. All parties are reminded that this scheduling order shall not be modified except upon a showing of good cause and by leave of Court. Fed. R. Civ. P. 16(b)(4); S.D. Ala. Civ. LR 26(c). To establish good cause, the moving party must show that the applicable deadline could not be met despite the diligence of the party seeking modification of the schedule. An order entered after the

---

[2] This provision does not apply to motions that are referred to Judge Murray. Please do not deliver or mail hard copies of any motions, briefs, exhibits, or any other documents to Judge Murray's chambers.

final pretrial conference shall be modified only to prevent manifest injustice. Fed. R. Civ. P. 16(b) & (e).

16. LOCAL RULES. All parties are reminded that the Local Rules of this District contain important requirements concerning the commencement of discovery, motions to dismiss and for summary judgment, and other matters. They are reprinted in Alabama Rules of Court (West Publishing Co.) and Alabama Rules Annotated (The Michie Co.) but are amended from time to time. The parties may obtain a current version from the Clerk or by download from the Court's website, http://www.alsd.uscourts.gov. As a general matter, Fed. R. Civ. P. 5(d) proscribes the filing of most discovery materials. Instead, **whenever any discovery material is served, counsel shall contemporaneously file a notice with the Court** identifying the date of service and the nature of the material. S.D. Ala. Civ. LR 5(b). If discovery materials are germane to any motion or response, the moving party shall file only the relevant portions of the material with the motion or response. S.D. Ala. Civ. LR 5(a). Further, the custodian of any discovery material shall provide all other parties reasonable access to the material and an opportunity to duplicate the material at the expense of the copying party. S.D. Ala. Civ. LR 5(c). No other person may obtain a copy of any discovery material from its custodian except on motion and with leave of Court, upon payment of the expense of the copy. *Id.*

17. SANCTIONS. The unjustified failure of a party or a party's attorney to timely comply with the requirements of this scheduling order shall subject said party or party's attorney to one or more of the sanctions authorized by Rule 16(f).

**DONE** and **ORDERED** this the **27th** day of **March, 2026**.

s/P. BRADLEY MURRAY
UNITED STATES MAGISTRATE JUDGE